IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 18-cv-02609-DDD

JOSE PAUL BENCOMO-PEREZ,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,[1]

    Defendant.

## ORDER VACATING DETERMINATION OF ADMINISTRATIVE LAW JUDGE AND REMANDING CASE

Plaintiff Jose Bencomo-Perez brought this action seeking judicial review of a July 20, 2017 determination by an Administrative Law Judge ("ALJ") that he is not entitled to benefits under the the Social Security Act because he was not disabled and was, in fact, able to perform light work in the national economy. *See* 42 U.S.C. §§ 405(g). The matter is ripe for review. (*See* Docs. 11, 14, 15, 18.)

This case has a long procedural history. On April 14, 2009, more than ten years ago, Mr. Bencomo applied for disability benefits, stating that his disability began on January 22, 2009. Mr. Bencomo's claims

---

[1] On June 4, 2019, Congress confirmed Andrew M. Saul as the Commissioner of the Social Security Administration ("SSA"). Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Nancy A. Berryhill, former Acting Commissioner of Social Security, as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

were denied on July 22, 2009, and he requested a hearing. The Commissioner's ALJ denied the claim on May 6, 2011, and Mr. Bencomo appealed. The Appeals Council found error with the ALJ Decision, reversed the decision, and remanded the claim back to the ALJ for additional proceedings. On March 4, 2013, after a second hearing, the ALJ again found that Mr. Bencomo was not disabled. Mr. Bencomo appealed again, but the Appeals Council denied review.

On September 2, 2015, Mr. Bencomo filed a Complaint and Petition for Review in this Court. On December 9, 2015, the Court found that the ALJ "committed legal error due to his failure to analyze Plaintiff's applications under Listing 12.05C and, more specifically, that the ALJ failed to order a consultative examination to ascertain Plaintiff's IQ."

On remand, a different ALJ was assigned to hear the claim, and an updated IQ test was ordered. On July 20, 2017, that ALJ also denied the claim. Mr. Bencomo filed a Notice of Exceptions with the Appeals Council, which declined to assume jurisdiction on August 31, 2018. On October 12, 2018, Mr. Bencomo filed a second Complaint and Petition for Review in this Court. The operative decision under review is that made by the ALJ on July 20, 2017.

Using the five-step process outlined above, the ALJ determined, at step two, that Mr. Bencomo had antisocial personality disorder and borderline intellectual functioning disorder. (AR 691.) At step three, the ALJ found that Mr. Bencomo was not disabled because his impairments did not amount to any of those listed in 20 C.F.R. § 404, subpt. P, app. 1. Relevant here, the ALJ focused on whether Mr. Bencomo satisfied criteria of Listing 12.05 ("Intellectual Disorder"). (AR 691–96.) But, as Mr. Bencomo argues, the ALJ erred by analyzing his claim under an

inapplicable, revised version of Listing 12.05 not yet in force at the time this Court first remanded this case. *See* 81 FR 66138-01.

As Mr. Bencomo correctly notes, "[r]etroactivity is not favored in the law . . . and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Citing *Bowen*, the Tenth Circuit determined that a "rule changing the law [may be] retroactively applied only if [1] Congress expressly authorized retroactive rulemaking and [2] the agency clearly intended the rule to have retroactive effect." *Nash v. Apfel*, 215 F.3d 1337 (10th Cir. 2000). Mr. Bencomo believes that neither of these criteria is met.

The revised Listing 12.05 was adopted effective January 17, 2017, and by its terms stated that the Administration will only apply the new listing to cases remanded after the effective date. *See* 81 FR 66138-01 at n.1. This case was remanded on December 9, 2015, before the effective date of the revision to Listing 12.05. The Commissioner therefore clearly did not intend that Mr. Bencomo's claim be reviewed under the earlier version, because the remand wasn't "after the effective date of these final rules." *See id.* The ALJ should have analyzed Mr. Bencomo's claim under the old listing.

To this, the Commissioner argues, even if that were so, it is immaterial because Mr. Bencomo is not disabled under either the original or revised version. The Court's role, however, is not to decide whether Mr. Bencomo is or is not disabled; its role is to review whether the ALJ's determinations are supported by substantial evidence under applicable law. The Court might be able to take the path suggested by the Commissioner if the old listing were unequivocally more difficult to satisfy than

the new, but that is not case.² Here, the ALJ committed legal error by not determining whether Mr. Bencomo was disabled under the correct version of the listing. And with no appropriate result to review, the Court cannot perform its task.

The ALJ's decision is therefore **VACATED**. This case is **REMANDED** for the ALJ to decide, at step three, whether Mr. Bencomo is disabled within the meaning of Listing 12.05 as it was written on April 14, 2009 when he first filed his claim.

DATED: March 30, 2020.  BY THE COURT:

_____
Daniel D. Domenico
United States District Judge

---

² Compare "extreme limitation . . . of mental functioning" (current) with "mental impairment imposing an additional and significant work-related limitation of function" (2009).